**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VEAR LEROY BROOKS,

      Plaintiff - Appellant,

v.

AMBER WHITEAKER, Nurse at Utah
State Prison, a/k/a Amber LNU; JUDY
MIDDLETON, Nurse at Utah State
Prison, a/k/a Jane Doe; RAY
MERRILL, Physician Assistant in
Olympus Housing Section, a/k/a P.A.,

      Defendants - Appellees.

No. 12-4046
(D.C. No. 2:09-CV-00163-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Vear Brooks, a Utah state prisoner, filed this 42 U.S.C. § 1983 action

against three prison medical employees. Mr. Brooks alleges they violated his

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutional rights by failing to refer him to a doctor after he was assaulted by his cell mate.

For its part, the district court granted the defendants' motion for summary judgment because Mr. Brooks didn't show he exhausted his prison's grievance procedure. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Mr. Brooks now appeals that decision.

The problem is, the defendants presented significant and undisputed evidence that Mr. Brooks didn't exhaust the remedies available to him. According to the defendants, the Utah State Prison allows any aggrieved inmate seven working days to submit a written grievance to the appropriate prison official. R. at 123. If the official denies the grievance, the inmate may pursue two levels of appeal before the decision becomes final. *Id.* at 124-25. Despite this, Mr. Brooks took more than a year to file his grievance. *Id.* at 133-35. And, when it was denied as untimely, he neglected to pursue any appeal. *Id.* at 107. Before us, Mr. Brooks does not dispute any material aspect of the defendants' account. Instead, he asserts only that the district court failed to hear all the facts of his case. But while we appreciate the difficulties of proceeding *pro se*, this bare assertion is not enough to permit us to disturb the district court's conclusion

that the undisputed evidence shows he failed to exhaust the administrative remedies available to him before proceeding to court.

The judgment of the district court is affirmed. We grant Mr. Brooks's motion to proceed on appeal without prepayment of costs or fees, but remind him that he must continue making partial payments until the filing fee is paid in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge